Ms. Paula Herzmark Executive Director Department of Local Affairs State of Colorado 1313 Sherman Street, 5th Floor Denver, Colorado 80203
Dear Ms. Herzmark:
QUESTION PRESENTED AND CONCLUSION
I am writing in response to your November 2, 1979 request for an attorney general's opinion on the following question:
Whether the entire amount of fees collected by a public trustee must be remitted to the county treasurer or whether the trustee may pay a notary public employed in the county treasurer's office out of such fees?
 A public trustee may compensate a notary public for services performed in exercise of the trustee's duties and such compensation may be paid directly from the fee payable to the public trustee.
ANALYSIS
C.R.S. 1973, 38-37-105, as amended, provides, in subsection (1), a fee schedule for the various official transactions to be performed by the public trustee. That statute provides, in subsection (3), that:
 (3) Such trustee shall quarterly make and file with the board of county commissioners a full and complete statement under oath of all transactions of his office and shall, upon the approval of said report, pay to the county treasurer all sums which he has received as fees in excess of the amount of salary then due to him and in excess of all necessary and reasonable expenses of clerk hire and other expenses incidental to the conduct of the office of the public trustee for the quarter ending at the time of such report, which moneys shall by the county treasurer be placed to the credit of a fund to be known as the public trustee salary fund.
That section clearly contemplates that the public trustee may incur and may pay "expenses incidental to the conduct of his office" prior to remitting the fees to the county treasurer. That statute does not prohibit the trustee from paying a portion of his statutory fee to a notary public if the notary was engaged by the trustee pursuant to the discharge of his duties.
This opinion does not address the question of whether an employee of the county treasurer's office may receive additional compensation from the public trustee. That question would be determined by any county classification and compensation plan that may be adopted pursuant to C.R.S. 1973, 30-2-104.
SUMMARY
It is therefore my opinion that a public trustee may compensate a notary public for services performed in exercise of the trustee's duties and such compensation may be paid directly from the fee payable to the public trustee.
I hope this sufficiently answers your inquiry.
Very truly yours,
 J.D. MacFARLANE Attorney General
PUBLIC OFFICERS PUBLIC FUNDS
C.R.S. 1973, 38-37-105
C.R.S. 1973, 30-2-104
AFFAIRS, LOCAL, DEPT. OF Administration
A public trustee may compensate a notary public for services performed in exercise of the trustee's duties and such compensation may be paid directly from the fee payable to the public trustee.